JEFFREY L. BORNSTEIN – 099358
AMY XU – 330707
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone:  (415) 433-6830
Facsimile:  (415) 433-7104
Email:    jbornstein@rbgg.com

Attorneys for Defendant
HERNAN PADILLA-LANDA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,, <br><br> Plaintiff, <br><br> v. <br><br> HERNAN PADILLA LANDA,, <br><br> Defendant. | Case No. 19-cr-00603-WHA <br><br> **RESPONSE TO UNITED STATES' SENTENCING MEMORANDUM** <br><br> Judge: Hon. William Alsup <br> Date: July 21, 2020 <br> Time: 2:00 p.m. |

Case No. 19-cr-00603-WHA

RESPONSE TO UNITED STATES' SENTENCING MEMORANDUM

[3578635.6]

# INTRODUCTION

Defendant Hernan Padilla-Landa submits this response to the government's Sentencing Memorandum, ECF No. 85.  While it may be appropriate in many cases for a short prison sentence as the government recommends here, there are strong reasons why the Court should vary downward to a time served sentence as we have argued and as the Probation Officer has recommended. *See* Presence Report ("PSR"), July 7, 2020, ECF No. 78.  These include: Mr. Padilla-Landa's family responsibilities and the collateral consequences even a short period of incarceration will have on his family; his current stable employment which he will likely lose if he is incarcerated; the personal risks to him from COVID-19 for any period of incarceration; and the trajectory of positive behavior he has demonstrated while on pretrial release.  We submit that a time served sentence followed by three years of supervised release and a special assessment of $100 is sufficient but not greater than necessary to satisfy all of the sentencing factors underlying 18 U.S.C. § 3553(a).

**Offense Conduct**

The charge in this case is possession of a firearm with an obliterated serial number in violation of 18 U.S.C. 922(k).  While Mr. Padilla-Landa did possess a firearm and later sold it, he did not set out to do so.  The November 1, 2019 sale was arranged by the government's Confidential Informant ("CI") through a co-defendant, who offered it to Mr. Padilla-Landa at a time when he was injured and unemployed.  *See* PSR ¶¶ 9-10.  Mr. Padilla-Landa was also minimally involved in a February 28, 2019 sale of a firearm as an unpaid favor to a friend.  *See id.* at ¶ 48.  Even the government recognizes Mr. Padilla-Landa's limited role in the plea bargain it made, thereby allowing him to plead to possession and not sale of the weapon.

Mr. Padilla-Landa did not have a marijuana grow, and what he said was an attempt to try to make himself "sound more impressive to the CI." *Id.* at ¶ 12.  He was shot when he went to buy marijuana for personal use from an unknown source who tried to rob him and then had to take time off from work.  *Id.*  He still suffers from the gunshot wounds to

his chest and abdomen as a result, and at times has difficulty breathing due to these injuries. *Id.* at ¶ 41.

**Mr. Padilla-Landa Deserves a Second Chance**

Mr. Padilla-Landa is incredibly remorseful for his misconduct and regrets the pain and suffering he has inflicted on his family as a result. *See id.* at ¶ 17. Far from having an extensive criminal history, Mr. Padilla-Landa "has never served a custodial sentence and has only one conviction for a misdemeanor offense." *Id.* at ¶ 79. Compared to this minimal criminal history, any felony conviction would necessarily seem to be "increasing in severity" as argued by the government. *See* ECF No. 85 at 4. Involvement in a teenage scuffle and a misdemeanor conviction in 2015 should not be reasons to impose a custodial sentence here when considered against the totality of the circumstances and the sentencing factors that the Court must consider. *See* PSR at ¶¶ 28-35 (describing Mr. Padilla-Landa's criminal history score of one). Mr. Padilla-Landa's exemplary behavior while on pretrial release shows that he understands the severity of his conduct and does not require incarceration to deter him from future criminal activity.

**The Court Should Follow the Probation Officer's Sentencing Recommendation.**

The variance suggested by the Probation Officer makes sense in this case. There are three principal reasons:

    **1.**    **Collateral Consequences Weigh Against Even a Short Term of Incarceration For Mr. Padilla-Landa.**

There are substantial collateral consequences for even a short term of incarceration to Mr. Padilla-Landa's family. He will not be able to work at a time when his fiancée is expecting their third child and cannot work, and incarceration would likely lead to Mr. Padilla-Landa's loss of employment. While deterrence is a laudable goal, Mr. Padilla-Landa stands before this Court as a humbled person who is doing his best to make amends for his terrible decisions. Sending Mr. Padilla-Landa to prison even for the short time recommended by the government will only make it harder on his family with only a minimal theoretical deterrent effect.

### 2. Mr. Padilla-Landa Has Underlying Conditions That Make Him Susceptible to COVID-19.

Mr. Padilla-Landa has asthma and still suffers from residual effects after being shot, including having difficulty breathing—factors which put him at high risk for COVID-19 if he is incarcerated.  *See* PSR ¶¶ 41, 45.  The COVID-19 outbreak is rampant in jails and prisons, including many Federal Bureau of Prisons facilities, and any time in custody could be devastating to Mr. Padilla-Landa given his higher risk factors.  During this unprecedented time, courts in this circuit have sought to avoid incarcerating nonviolent individuals who face a high risk for contracting COVID-19.  *See, e.g., United States v. Fowler*, No. 17-CR-00412-VC-1, 2020 WL 3034714 (N.D. Cal. June 6, 2020) (granting compassionate release to inmate with chronic asthma); *United States v. Padilla*, No. 19-CR-03331-GPC, 2020 WL 3100046, at *6 (S.D. Cal. June 11, 2020) (granting compassionate release to nonviolent inmate with minimal criminal history and underlying health conditions).

### 3. Mr. Padilla-Landa Has Shown Substantial Improvement and Growth While on Pretrial Release.

Mr. Padilla-Landa has demonstrated his commitment and drive to change while on pretrial release.  He asks this Court for the opportunity to "turn the page" so that he may continue to demonstrate that he is worthy of the sentencing recommendation made by the Probation Officer in her report.  While Mr. Padilla-Landa had a rough several months in 2019, he understands the severity of his actions and has the full support of his family and community to guide his future behavior.  The character letters in support of Mr. Padilla-Landa describe his hard-working nature and overall kindness.  In compliance with his conditions of release, he no longer smokes marijuana and has full-time employment despite the economic impact of the current pandemic.  Mr. Padilla-Landa wants very much to make amends and prove he is worthy of a second chance.

Perhaps the most illustrative way to understand Mr. Padilla-Landa's commitment to do better is contained in the heartfelt statement he made to the Probation Officer about

how the trauma of being arrested at home was so terrifying to his daughters, and how his arrest has so moved and devastated him as well.

> My behavior has negatively affected my family members, who depend on me and now worry about me. The police arrested me during an early morning raid at our house. During the raid, the police officers threw flash grenades at our house and placed family members in the backseat of the police car, which was terrifying for my [partner's] young children. My [partner's] children have been traumatized by that experience, and since the incident, they are frightened whenever they see police officers. I also understand that my actions negatively affect society by making it easier for other people to get unauthorized access to firearms.

PSR ¶ 17. Mr. Padilla-Landa is absolutely committed to avoiding actions in the future that will in any way put his family, and the new baby they are expecting next month, in harm's way. We ask this Court to allow Mr. Padilla-Landa to continue to work hard to provide for his family, and to allow him to get help for his drug and mental health issues through counseling.

## CONCLUSION

Sending Mr. Padilla-Landa to even a short term of imprisonment under these circumstances is overly harsh and not necessary to accomplish all of the sentencing objectives underlying 18 U.S.C. § 3553(a). We strongly urge the Court to adopt the sentencing recommendation in the Presentence Report and impose a sentence of time served, three years of supervised release on the recommended conditions, and a special assessment of $100.

DATED: July 17, 2020

Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP

By:  /s/ Jeffrey L. Bornstein
      Jeffrey L. Bornstein
      Amy Xu
   Attorneys for Defendant
   HERNAN PADILLA-LANDA